UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEON ANDERSON, | ) |
| Plaintiff, | ) |
| vs. | ) Case No: 4:15CV530 HEA |
| UNITED STATES DEPARTMENT OF THE AIR FORCE | ) |
| Defendant. | ) |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion for Summary Judgment, [Doc. No. 26]. Plaintiff opposes the Motion. For the reasons set forth below, the motion is granted.

## Introduction

Plaintiff filed this *pro* se action against Defendant seeking judicial review of Defendant's debarment decision regarding Plaintiff's ability to enter into contracts with the U.S. Government and his debarment from directly or indirectly receiving the benefits of federal assistance programs.

## Facts and Background

Defendant has, in accordance with the Court's Local Rules, submitted a Statement of Uncontroverted Material Facts to which Plaintiff responded, however,

Plaintiff merely "disagrees" with several of Defendant's facts. Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 7-401(E) of this Court's Local Rules, Plaintiff may not rely on his disagreement with Defendant's facts. Local Rule 7-401(E) provides:

> Rule 7 - 4.01 Motions and Memoranda.
>
> (E) A memorandum in support of a motion for summary judgment shall have attached a statement of uncontroverted material facts, set forth in a separately numbered paragraph for each fact, indicating whether each fact is established by the record, and, if so, the appropriate citations. Every memorandum in opposition shall include a statement of material facts as to which the party contends a genuine issue exists. Those matters in dispute shall be set forth with specific references to portions of the record, where available, upon which the opposing party relies. The opposing party also shall note for all disputed facts the paragraph number from movant's listing of facts. All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party.

Plaintiff's failure to specifically controvert Defendant's uncontroverted material facts deems the following admitted:

Plaintiff Deon E. Anderson ("Anderson") was a Procurement Officer for Boeing Company Defense Space and Security Division ("Boeing"), a defense contractor providing military style aircraft to the United States Department of Defense and the United States armed services. On October 2, 2013, Anderson was indicted in the Eastern District of Missouri for mail fraud and wire fraud. Specifically, Anderson and three other defendants, Robert Diaz, Jr. ("Diaz"), Jeffrey Lavelle ("LaVelle") and William P. Boozer ("Boozer") were indicted for

2

"acting together and aiding and abetting one another, devised, intended to devise, and knowingly participated in a scheme to defraud and obtain money from Boeing and the United States, by means of materially false and fraudulent pretenses, representations, and promises, and to deprive Boeing of its right to the honest, faithful, and impartial services of its Procurement Officer, defendant Deon E. Anderson" for the period between May 10, 2011 and April 30, 2013.

J.L. Manufacturing served as a subcontractor to Anderson's employer on the U.S. Government contracts. LaVelle owned J.L. Manufacturing. Inland Empire consulted for J.L. Manufacturing on numerous subcontracts with the U.S. Government. Diaz owned Inland Empire. Globe Dynamics served as a subcontractor for Anderson's employer and Boozer owned Globe Dynamics.

Plaintiff, without the knowledge of Boeing, was charged with providing subcontractors "non-public competitor bid information and historical price information in connection with one or more Boeing military aircraft part purchase order requests for quotes." In exchange for this information, Anderson received cash payments.

On January 13, 2013, Anderson admitted to agents that he accepted cash bribes totaling approximately $231,000.00 (and was owed approximately $60,000 for information previously provided) from subcontractors in exchange for providing confidential price point data/market pricing to secure subcontracts. In

addition, Anderson and two other defendants were charged with "acting together and aiding and abetting one another, for the purpose of executing the … scheme and artifice to defraud and to obtain money and property and in attempting to do so, and to deprive Boeing of its right to honest, faithful, and impartial services of its Procurement Officer, did knowingly cause to be transmitted by means of wire communication in interstate commerce, certain writings, signs and signals . . . with non-public competitor bid information in connection with a Boeing military aircraft parts purchase order."

On July 18, 2014, Anderson waived indictment and pled guilty to a superseding information consisting of five (5) counts including one count of mail fraud, three counts of wire fraud, and one count of structuring transactions to avoid reporting requirements while committing mail and wire fraud. Anderson was sentenced to 20 months along with a supervised release term of 24 months.

Effective October 10, 2013, the USAF suspended Anderson, Diaz, LaVelle and Boozer from Government contracting and from directly or indirectly receiving the benefits of Federal assistance programs. In reaching that decision, the USAF set out four bases for the suspensions. First, the USAF found that "[t]here [was] adequate evidence in the administrative record establishing that [Anderson and three co-defendants] committed offenses indicating a lack of business integrity or business honesty that seriously and directly affects their present responsibility to be

Government contractors and subcontractors. The evidence provides a separate and independent basis for their suspensions pursuant to FAR 9.407-2(a)(9)."

Second, the USAF found that "[t]here was adequate evidence in the administrative record establishing that [Anderson's and the three co-defendants'] conduct [was] of so serious or compelling in nature that it [affected] their present responsibility to be Government contractors or subcontractors, and provides separate and independent bases for their suspensions pursuant to FAR 9.407-2(c)."

Third, the USAF found that there was "adequate evidence in the administrative record establishing that [Anderson and the three other co-defendants] committed fraud or a criminal offense in connection with obtaining, attempted to obtain, or performing public contracts or subcontracts, and provides a separate independent basis the suspensions pursuant to FAR 9.407-2(a)(1)."

Fourth, the USAF found that the indictment filed against Anderson and the three co-defendants was "adequate evidence that they committed crimes so as to affect their present responsibility to be Government contractors or subcontractors, thereby providing a separate independent basis for their suspensions pursuant to FAR 9.407-2(b)."

On October 10, 2013, Anderson was provided notice that the USAF suspended him from federal Government contracting and was provided 30 calendar days to submit, either in person or in writing, information and argument in

5

opposition to the suspension. Anderson was advised to provide useful and reliable information and to be candid with the USAF. In addition, Anderson was also put on notice that facts set forth in an indictment, a criminal information or other charging document would not be subject to dispute for purposes of the proceeding before the USAF.

On August 12, 2014, nine months past the 30 day time period, Anderson responded with a two-page letter. In his letter, Anderson expressed his embarrassment and shame for his crimes, stated that he cooperated 100% after the agents approached him about his involvement in the case, and noted his past military service. In addition, Anderson informed the USAF that he resigned from Boeing in July of 2013 and pleaded for a suspension of only 18 months to allow him the ability to start his new career as an owner of his own general contracting firm.

Deputy General Counsel Rodney Grandon ("Grandon") acknowledged receipt of Anderson's letter and appreciated Anderson's acknowledgement of wrongdoing, but did not find his response sufficient to overcome the cause for suspensions. Grandon found "an immediate need to protect the government's interests."

On November 3, 2014, the USAF terminated the suspensions of Anderson, Diaz, Inland Empire and Boozer2 and proposed debarments from Government

6

contracting and from directly or indirectly receiving the benefits of federal

assistance programs. The Office of the Deputy Counsel for the USAF issued a

Memorandum in Support of the Proposed Debarments ("Memo of Debarment")

regarding Anderson, Diaz, Inland Empire and Boozer. The USAF made several

findings in its Memo of Debarment in support of its conclusion to debar Anderson,

Diaz, Inland Empire and Boozer:

    a. Anderson, Diaz, LaVelle and Boozer were each indicted on several counts

including Mail Fraud, in violation of 18 U.S.C. § 1341, and Wire Fraud, in

violation of 18 U.S.C. § 1343.

    b. Boozer requested non-public competitor bid information from Anderson

and the two discussed this information in code.

    c. "Mr. Anderson subsequently provided non-public competitor bid

information to Mr. Boozer, and Mr. Boozer, on behalf of Globe Dynamics, used

the information provided to prepare bids for [Anderson's employer]."

    d. "Mr. Boozer paid Mr. Anderson in exchange for this information."

    e. "Mr. Anderson also provided Mr. LaVelle and Mr. Diaz non-public

competitor bid information and historical price information. Mr. LaVelle, on behalf

of J.L. Manufacturing, used the information provided to prepare bids to

[Anderson's employer]."

f. "Mr. LaVelle and Mr. Diaz paid Mr. Anderson in exchange for this information."

g. "On July 18, 2014, Mr. Anderson pleaded guilty to one count of Mail Fraud, in violation of 18 U.S.C. § 1341, three counts of Wire Fraud, in violation of 18 U.S.C. § 1343, and one count of Structuring Transactions to Avoid Reporting Requirements While Committing Mail and Wire Fraud, in violation of 31 U.S.C. § 5324(a)(3) and 31 U.S.C. § 5324(d)(2)."

h. Anderson was sentenced to 20 months imprisonment followed by 24 months of supervised release.

USAF set out two bases for the proposed debarment. First, the "improper conduct of Mr. Boozer, Mr. Diaz, and Mr. Anderson [was] of so serious or compelling a nature that it affect[ed] their present responsibility to be Government contractors or subcontractors and provid[ed] a separate independent basis for their debarments pursuant to FAR 9.406-2-2(c)."

Second, the "convictions of Mr. Boozer, Mr. Diaz, and Mr. Anderson provide[d] a separate independent basis for each of their debarments pursuant to FAR 9.406-2(a)(5), commission of any other offense indicating a lack of business integrity or business honesty that seriously and directly affects the present responsibility of a Government contractor or subcontractor."

On November 3, 2014, USAF sent a notice to Anderson of his proposed debarment. Diaz, Inland Empire, Boozer, and Globe Dynamics International, Inc., and Boozer were issued similar notices of proposed debarment.

Anderson was provided 30 days after receipt of the notice to submit, either in person or in writing, any information or argument in opposition to the proposed debarment. Anderson provided a submission dated November 13, 2014; however, due to an inadvertent oversight, Anderson's submission was not provided to Grandon until December 29, 2014, after the USAF had debarred Anderson by letter dated December 22, 2014. On December 30, 2014, after receiving Anderson's submission dated November 13, 2014, Grandon added it to the administrative record and closed the record.

In his short November 13, 2014 letter, Anderson stated that he did not have time to fight the debarment proposal. He also stated, "[t]here is no reason for [him] to request an extension in this decision but [he is] requesting that this proposal be approved at 18 months [less than his sentence]." Anderson again stated that he started his own general contracting company and that he teamed up with major general contracting companies to give him financial power and experience power.

Effective on December 22, 2014, Anderson was debarred from Government contracting for a term of four years and eight months set to terminate on June 10, 2018. Grandon stated in a letter to Anderson that this term was appropriate and

9

commensurate with the seriousness of the cause for debarment and consisted of the sum of three years plus Anderson's prison sentence of twenty months. Diaz and Inland Empire received the same term of debarment – three years plus Diaz's prison sentence of four years, three months (with an additional eighteen days for Inland Empire to coincide with Mr. Diaz's period of debarment). Boozer and Globe Dynamics International, Inc. received the same term of debarment – three years plus his prison sentence of eighteen months, for a total of four years and six months.

On December 30, 2014, after receiving Anderson's timely submission, after the first Notice of Debarment had already been issued, Grandon rescinded the first Notice of Debarment dated December 22, 2014; but, after reviewing the information submitted by Anderson in his letter dated November 13, 2014, Grandon came to the same conclusion that debarment was warranted and issued a second Notice of Debarment dated December 30, 2014. Grandon found that "[a] preponderance of the evidence establishes the existence of causes for debarment and [Anderson] has failed to demonstrate his present responsibility." Grandon acknowledged Anderson's military service and cooperation with law enforcement, but did not find that such factors should overcome the causes for the debarment. In addition, Grandon focused on the fact that Anderson did not establish his present responsibility and found that while Anderson recognized his misconduct was a

mistake, Anderson's response to the notice of debarment did not show that he learned from his mistakes.

## Summary Judgment Standard

The Standard for Summary Judgment is well settled. Summary judgment is proper if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Cordry v. Vanderbilt Mortg. & Fin., Inc.,* 445 F.3d 1106, 1109 (8th Cir.2006) (quoting *Bockelman v. MCI Worldcom, Inc.,* 403 F.3d 528, 531 (8th Cir.2005)). The proponent of a motion for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986) (quoting Fed.R.Civ.P. 56(c)). The proponent need not, however, negate the opponent's claims or defenses. *Id.* at 324–25.

In response to the proponent's showing, the opponent's burden is to "come forward with 'specific facts showing that there is a genuine issue for trial.' " *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986)

(quoting Fed.R.Civ.P. 56(e)). A "genuine" dispute of material fact is more than "some metaphysical doubt as to the material facts." *Id.* at 586.

"[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). "If the evidence is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Id.* at 249–50 (citations omitted).

## Discussion

Plaintiff seeks review of the United States Air Force's decision to debar him for a period of three years plus the term of his incarceration for a total of 4 years and 8 months. Plaintiff argues that Defendant improperly added the twenty months of incarceration as a punitive measure and should be set aside.

An agency's decision is set aside only if "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A). "A decision is arbitrary and capricious if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise. *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.,* 463 U.S. 29, 43, 103 S.Ct. 2856, 77 L.Ed.2d 443

(1983). This court will not substitute its own judgment so long as the agency has 'examine[d] the relevant data and articulate[d] a satisfactory explanation for its action including a rational connection between the facts found and the choice made.' *Id.* (quotation omitted)." *Bettor Racing, Inc. v. Nat'l Indian Gaming Comm'n*, 812 F.3d 648, 651 (8th Cir. 2016).

As Defendant correctly asserts, the causes for debarment are set forth in 48 C.F.R. § 9.406-2.

The debarring official may debar—

(a) A contractor for a conviction of or civil judgment for—

(1) Commission of fraud or a criminal offense in connection with (i) obtaining, (ii) attempting to obtain, or (iii) performing a public contract or subcontract;

(2) Violation of Federal or State antitrust statutes relating to the submission of offers;

(3) Commission of embezzlement, theft, forgery, bribery, falsification or destruction of records, making false statements, tax evasion, violating Federal criminal tax laws, or receiving stolen property;

(4) Intentionally affixing a label bearing a "Made in America" inscription (or any inscription having the same meaning) to a product sold in or shipped to the United States or its outlying areas, when the product was not made in the United States or its outlying areas (see Section 202 of the Defense Production Act (Public Law 102–558)); or

(5) Commission of any other offense indicating a lack of business integrity or business honesty that seriously and directly affects the present responsibility of a Government contractor or subcontractor.

48 C.F.R. § 9.406-2.

It is undisputed that Plaintiff pled guilty to five counts: one count of mail fraud, three counts of wire fraud and one count of structuring transactions. Clearly, debarment was supported by the record.

Further, Defendant articulated other reasons for separate bases for debarment: Plaintiff's conduct was so serious or compelling a nature that it affected his present responsibility to be a government contractor/subcontractor; Plaintiff's conviction established the commission of an offense indicating a lack of business integrity or business honesty that seriously and directly affected the present responsibility of a government contractor/subcontractor.

In his response to the notice of debarment, Plaintiff appeared to be attempting to minimize his wrongdoing and suggested that he did not do anything wrong. He claimed there were no victims, other than himself and his family. He did not set out any measure he had taken to demonstrate having learned from his mistake. He merely reiterated that he recognized the mistake.

Plaintiff argues that his debarment is improper because it is longer than three years. 48 C.F.R. § 9.406-4. As Defendant correctly notes, a debarment, in general should not be longer than three years, but the agency is not limited to three years. In considering the gravity of the reasons for debarment, the agency may extend the debarment for an additional period, if that official determines that an extension is

necessary to protect the government's interest. 44 C.F.R. § 9-406-4(b). The additional time was not based solely on the facts and circumstances upon which the initial decision was based, rather, Deputy General Counsel Grandon articulated the separate basis that Plaintiff failed to demonstrate his present responsibility and failed to show that he had learned from his mistakes.

## Conclusion

It is clear that the Air Force examined the relevant data and articulated a satisfactory explanation for its action. There is a rational connection between the facts found and the choice made, *Bettor Racing, Inc.* 812 F.3d at 651. As such, this Court may not substitute its judgment for that of Defendant. Defendant's action was neither arbitrary nor capricious; it was not an abuse of discretion nor otherwise not in accordance with the law under the applicable standard. Defendant is therefore entitled to summary judgment.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED**.

A separate judgment in accordance with this Opinion, Memorandum and

Order is entered this same date.

Dated this 30th day of September, 2016.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE